IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
MINNEAPOLIS DIVISION



RECEIVED
BY MAIL

FEB 28 2019

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

ROY A. DAY,
        Plaintiff

VS.

STATE OF MINNESOTA,
MINNESOTA SUPREME COURT,
LORIE S. GILDEA,
FAEGRE BAKER DANIELS LLP
DADRI-ANNE A. GRAHAM,
TARGET CORPORATION
STARBUCKS CORPORATION
        Defendants

C.A. No.

## COMPLAINT

COMES NOW, ROY A. DAY, Plaintiff, complaining of Defendants, and for cause of action would show unto the Court the following:

## COUNT ONE

**SCANNED**

FEB 28 2019

U.S. DISTRICT COURT MPLS

**1.** Plaintiff, ROY A. DAY, is a citizen of the United States of America and a resident of the State of Florida.

**2.** Defendant State of Minnesota (hereafter, Defendant "SOM") is one of the forty-eight contiguous States in the United States (State of Minnesota agents, servants, employees, and co-conspirators).

**3.** Defendant Minnesota Supreme Court (hereafter, Defendant "MSC") is the highest court in the State of Minnesota in the judicial branch of government and is designated as

the last and final appeal court in the "Judicial Branch of Government" in the State of Minnesota. ("a.k.a." – *MACHINATION COURT OF LAW*).

**4.** Defendant Loria S. Gildea (hereafter, Defendnat "LSG") now is, and at all time herein mentioned was, duly appointed, and/or elected, employed, and acting as a Minnesota State Supreme  Court Chief Judge, in the State of Minnesota, and was the "principal co-conspirator" in the State of Minnesota Appeals referencing Plaintiff Roy A. Day (Appeal No. A18-0611) (Trial Court No. 27-CV-18-5152) (for the aforesaid appeals, see <u>Roy A. Day vs. Target Corporation</u>, et al., Minnesota Supreme Court). Each and all of the acts of Defendant "LSG"set forth herein were done by her acting individually and in concert, under the pretense of the statutes, ordinances, regulations, customs, and usages of the State of Minnesota, and by virtue of, and under the authority of, her office as a Minnesota Chief State Court Judge. **CAVEAT**: Each and all of the acts of Defendant "LSG" set forth herein were done by her, acting individually and in concert, pursuant to "**prior agreement**" and "**personal motivation**" and "**outside the authority of Judge Gildea**" (**not a judicial act**), and in a <u>willful, intentional, malicious, wanton and corrupt manner</u>, and as the "**principal co-conspirator**" to prevent Plaintiff  from having his "**basic rights," and Constitutional Rights, and Civil Rights**, in the State of Minnesota, and to prevent Plaintiff from obtaining Plaintiff's rights and property as a citizen-attorney and a pauper, specifically, the right to a fair and equitable trial by jury that is based on the facts, law, and evidence. Defendant "LSG" orchestrated an <u>ABUSE OF POWER</u>, and a <u>MISCARRIAGE OF JUSTICE</u>, and MACHINATIONS, specifically, "**OBSTRUCTION OF JUSTICE AND TAMPERING WITH EVIDENCE**." The evidence is overwhelming and beyond a reasonable doubt, and a preponderance of evidence, that Defendant "LSG' entered orders ("cunningly, misleadingly, and deceptively" – fraud – intrinsic and extrinsic) that were **not judicial acts**, but were based on "**prior agreement**" and "**personal motivation**," as the principal co-conspirator to the Judges sitting on the Minnesota Courts (aka *MACHINATION COURTS OF LAW*).

**5.** Defendant Dadri-Anne A. Graham (hereafter, Defendant "DAG") now is, and at all times herein mentioned was, employed by the law firm of Faegre Baker Daniels LLP, 2200 Well Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402-3901, and representing Defendant Target Corporation as a "licensed attorney" in the State of Minnesota.  Each and all of the acts of Defendant "DAG" set forth herein were done by her acting individually and in concert, under the pretense of the statutes, ordinances, regulations, customs, and usages of the State of Minnesota, and by virtue of, and under the authority of, her office as a "licensed attorney" representing Defendant Target Corporation. Each and all of the acts of Defendant "DAG" set forth herein were done by her, acting individually and in concert, pursuant to "**prior agreement**" and "**personal motivation**," and in a <u>willful, intentional, malicious, wanton and corrupt manner</u>, and as an "**assistant principal co-conspirator**," and agent or servant or co-conspirator with Defendant "LSG," and Defendant Supreme Court of the State of Minnesota, and the associated Justices. Further, each and all of the acts of Defendant "DAG" set forth herein were done by her, acting individually and in concert, with agents and servants and co-conspirators and employees of the State of Minnesota, in a willful, intentional, malicious, wanton and corrupt manner.

**6.** Defendant Faegre Baker Daniels LLP, (hereafter, Defendant "FBD") now is, and at all times herein mentioned was the law firm that employed Defendant "DAG, with "FBD's" address being  2200 Well Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402-3901. Defendant "FBD" is representing Defendant Target Corporation as a "licensed attorney" in the State of Minnesota.  Each and all of the acts of Defendant "FBD" set forth herein was done by "FBD" through their agents, servants, co-conspirators, and employees, acting  individually and in concert, under the pretense of the statutes, ordinances, regulations, customs, and usages of the State of Minnesota, and by virtue of, and under the authority of, "FBD" representing Defendant Target Corporation. Each and all of the acts of

Defendant ""FBD" (agents, servants, co-conspirators, and employees) set forth herein were done by "FBD," acting individually and in concert, pursuant to "**prior agreement**" and "**personal motivation**," and in a <u>willful, intentional, malicious, wanton and corrupt manner</u>, and as an "**assistant principal co-conspirator**," and agent or servant or co-conspirator or employees with Defendant "LSG,"  and Defendant Supreme Court of the State of Minnesota, and the associated Justices.  Further, each and all of the acts of Defendant "FBD" (agents, servants, co-conspirators, and employees)  set forth herein were done by "FBD," acting individually and in concert, with agents, and servants, and co-conspirators, and employees of the State of Minnesota, in a willful, intentional, malicious, wanton and corrupt manner.

**7.** Defendant is Target Corporation (hereafter, Defendant "T") and a State of Minnesota corporation, with its principal place of business in Minneapolis, Minnesota (1000 Nicollet Mall, Minneapolis, Minnesota 55403-2542). Defendant "T" is a parent holding company with various affiliates, subsidiaries, including but not limited to, the Target Store located at 4401 Commercial Way, Spring Hill, Florida 34606, Store No. T-919 (hereafter, "T-919"). Defendant "T" is engaged in the business of retail to sell various consumer goods in the various States across the United States, with a "Target-Starbucks Coffee Shop" (hereafter "TSCS") located in the various Target Stores. At all times pertinent to this Complaint, and at all times mentioned, Defendant "T" was acting through its principal agents and servants, "T-919," and "TSCS," and Brian C. Cornell, and various agents and servants and co-conspirators and employees of Defendant "T," including but not limited to, various subsidiaries and affiliates of Defendant "T," whose names are not known to Plaintiff at this stage of litigation. Defendant "T" was acting individually and in concert, with each and all agents and servants and co-conspirators and employees, including but not limited to, Defendant "DAG,"  and "T-919," and "TSCS." CAVEAT: For the purpose of the instant complaint, Defendant "T" refers, relates, pertains and mentions each and all subsidiaries

and affiliates, and agents and servants and co-conspirators and employees, whose names
are not know to Plaintiff at this stage of litigation

**8.** Defendant is Starbucks Corporation (hereafter, Defendant "SB") and a State of
Washington corporation, with its principal place of business in Seattle, Washington (2401
Utah Avenue South, Seattle, Washington 98134-1436). Defendant "SB" is a holding
company with various affiliates, subsidiaries, including but not limited to, various "TSCS,"
including but not limited to, the "TSCS" at "T-919" (the Target Store located at 4401
Commercial Way, Spring Hill, Florida 34606, Store No. T-919). Defendant "SB," as a joint
venture with Defendant "T," has established "Target-Starbucks Coffee Shops" (TSCS) in
various Target Stores as associated with Defendant "T." Defendant "SB" is engaged in the
business of retail-coffee to sell various coffee-consumer-related-goods in the various States
across the United States, with a "Target-Starbucks Coffee Shop" (hereafter "TSCS") located
in the various Target Stores. At all times pertinent to this Complaint, and at all times
mentioned, Defendant "SB" was acting through its principal agents and servants, Defendant
"T," and Defendant "DAG," and various agents and servants and co-conspirators and
employees of Defendant "T," including but not limited to, various subsidiaries and affiliates
of Defendant "T," whose names are not known to Plaintiff at this stage of litigation.
Defendant "SB" was acting individually and in concert, with each and all agents and
servants and co-conspirators and employees, including but not limited to, Defendant "T,"
and Defendant "DAG," and "T-919," and various "TSCS." CAVEAT: For the purpose of the
instant complaint, Defendant "SB" refers, relates, pertains and mentions each and all
subsidiaries and affiliates, and agents and servants and co-conspirators and employees,
whose names are not know to Plaintiff at this stage of litigation.

**9.** In effecting the unlawful conduct complained of hereinafter, the aforesaid
Defendants acted in concert and conspiracy with other persons or individuals, whose
names and identities are not at this time known to Plaintiff, which said persons are

hereafter referred to as agents and servants and co-conspirators and employees of the State of Minnesota.

**10.** At all times pertinent to this Complaint, Defendant "LSG was the "PRINCIPAL CO-CONSPIRATOR," and acting in concert and conspiracy with the aforesaid Defendants, and agents and servant and co-conspirators and employees of the State of Minnesota.

**11.** This is a civil action for the violation of Plaintiff's civil rights, and a civil action brought for preliminary and permanent injunctions to prevent deprivations under color of Federal Law of certain rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States, for an order declaring unconstitutional the discriminatory acts of Defendants, and for the associated damages caused to Plaintiff by Defendants' illegal conduct.

**12.** This action is brought pursuant to Title 28, United States Code, Section 2201, 2202, and Title 42, United States Code, Section 1983 and 1985. This Court has jurisdiction under Title 28, United States Code, Section 1343.

**13.** Further, this is an action for declaratory judgment pursuant to 28 USC 2201, for the purpose of determining a question of actual controversy between the parties as hereinafter more fully appears, specifically, the constitutionality pertaining to the acts of Defendants against Plaintiff. The jurisdiction of this court is invoked pursuant to the 28 USC 1343(3) and 42 USC 1983. Declaratory judgment is sought declaring the actions of Defendants taken under color of state law invalid, illegal, and in deprivation to Plaintiff's rights, privileges, and immunities, secured to him by the Fourteenth Amendment to the United States Constitution.

**14.** Defendant "LSG,", and her agents and servants and co-conspirators and employees, including but not limited to, Defendants "SOM," and ""MSC," and "T," and "SB," and "DAG," and "FBD," supra, confected and devised, carried out, a **PREMEDITATED AND PREARRANGED** plan, scheme and practice which operated to deny Plaintiff his "**basic**

**rights, and Constitutional rights, and subsequently, falsely deny Plaintiff "damages, including but not limited to, "damages" from a theft at Defendant "T's" store**," with the first overlay to subject Plaintiff to "two-tier system of justice" as a pauper and citizen-attorney, and with the second overlay to subject Plaintiff to harassment, intimidation, and threats. The aforesaid Defendant's **PREMEDITATED AND PREARRANGED** plan, scheme and practice operated as follows:

**15.** Plaintiff went to Defendant "T's" store designated as ""T-919" (see, supra), specifically at the "TSCS" (see, supra) to tender Five Dollars ($5.00) to Plaintiff's account associated with Defendant "SB." The clerk at the "TSCS" "cunningly, deceptively, and misleadingly" **did not place** the Five Dollars ($5.00) on Plaintiff's account associated with Defendant "SB," but **only placed One Dollar** on Plaintiff's account associated with Defendant "SB," with the overlay Defendant "T's" clerk at the "TSCS" gave Plaintiff a **fraudulent receipt for One Dollar**, and **not Five Dollars**.. When one **ZOOMS-IN, ZOOMS-IN, ZOOMS-IN** on the video at Defendant "T's" "T-919" store, it is clear and certain and full and satisfactory that Plaintiff tendered Five Dollars ($5.00) and **NOT** One Dollar ($1.00). The aforesaid fraudulent conduct was accomplished based on a "disparate-corrupt-algorithm-source-code" network that Defendant "T" has implemented that is different than Defendant "SB's" computer network. If both Defendant "SB's" and Defendant "T's" computer networks were the same, the aforesaid fraud could not have been consummated. Plaintiff filed a civil Complaint (see Exhibit "1" attached hereto and by reference incorporated herein) in the State of Minnesota, since Defendant "T's" legal residence is the State of Minnesota (See Roy A. Day vs. Target Corporation, In the State of Minnesota, Fourth Judicial District, Hennepin County, No. 27-CV-18-5152). What followed has been a "**nightmare**" in the "two-tier" system of justice between orchestrated in the State of Minnesota Courts (see facts, infra). In addition, Defendant "DAG" sent an email to Plaintiff acknowledging Plaintiff, and Plaintiff sent an email-letter to Defendant "DAG" (see Exhibit "2" attached hereto and by

reference incorporated herein) offering to compromise and settle, but it became obvious that Defendant "DAG's" contact with Plaintiff was ONLY a ruse and Defendant "DAG" had no intention to compromise and settle so **Defendant FBG" could retain the Fifty Thousand Dollar retainer fee at $300.00/hour in legal fees, and NOT file any response to Plaintiff's pleadings, as the Rules require, with cash under the table to Defendant "LSG."**

**16..** The Minnesota trial level court entered an order on Plaintiff's Complaint (Exhibit "1") that reflected that **stealing Five Dollars** was "**frivolous**." Further, the aforesaid trial level fraudulent (intrinsic and extrinsic) order reflected Plaintiff Complaint (Exhibit "1") was filed under embezzlement, when in fact, Plaintiff's Complaint (Exhibit "1" was filed under a "fraud issue." **NOTE**: No jury would say stealing Five Dollars is "frivolous," when in fact, the ladies and gentlemen of the jury would say stealing Five Dollars is FRAUD OF THE FIRST ORDER, and the "licensed attorney" courts of law are engaging in conspiratorial conduct with Defendants to deny Plaintiff meaningful access to the "licensed attorney courts" as a citizen-attorney (licensed attorney use the term "Pro Se), and a pauper, with the law, facts, and evidence being denied as non-existent for Plaintiff, a citizen-attorney and a pauper. If Plaintiff had a $300.00/hour licensed attorney representing Plaintiff, and the filing fee had been paid, the case (Exhibit "1") would have moved forward. It became obvious to Plaintiff that a two-tier system of justice was implemented to prevent Plaintiff from gaining meaningful access to the State of Minnesota Courts, and a Notice to Sue would be needed in a future Federal Complaint (the instant complaint) (see Exhibit "9" attached hereto and by reference incorporated herein).

**17.** Since Plaintiff had to consummate all appeals in the State of Minnesota before the Federal Complaint (the instant Complaint) could be filed, Plaintiff filed a Notice of Appeal to the State of Minnesota Court of Appeals, and the "**nightmare**" continued with a "two-tier" system of justice in full operation (See Roy A. Day vs. Target Corporation, et al., State of

Minnesota, Minnesota Court of Appeals, No. A18-0611). Since Plaintiff had no money to serve the parties in the trial level court, there were no Defendants-Appellees on the case yet. However, the Minnesota Appellate Court Judge, entered an order that each and all Defendants-Appellees had be served for the "Appeal," with the Appellate Court Judge dismissing the appeal (see Exhibit "3" attached hereto and by reference incorporated herein). Plaintiff had never heard of such a procedure to serve parties once a case had been processed at an Appellate Court, when in fact, to serve any party, the party is served at the trial level court. However, Plaintiff had no problems serving the parties as directed by the Appellate Court. **NOTE**: Defendant "DAG" had knowledge on Plaintiff (see Exhibit "2"), and the trial level case, and the appeal, since Defendant "DAG" and "FBD" were already conspiring with the Judges in the Minnesota Judicial Branch of Government! Regardless, Plaintiff complied with the Appellate Court order and served Defendants-Appellees, and the Appellate Court reinstated the appeal (see Exhibit "4" attached hereto and by reference incorporated herein). Subsequently, Plaintiff filed a Brief pursuant to the Minnesota Rules of Appellate Procedure (see Exhibit "5" attached hereto and by reference incorporated herein).

**18. Pursuant to the Minnesota Rules of Appellate Procedure, a responsive pleading was required to be filed by Defendants "T," and Defendant "SB," and "Brian C. Cornell,"  pertaining to Plaintiff's Exhibit "5" filed at the Minnesota Appellate Court.** Plaintiff complied with the Minnesota Rules of Appellate Procedure. The the law was well settled in Plaintiff's favor in reference to Plaintiff's pleadings filed at the Minnesota Appellate Court. **Defendants "T," and Defendant "SB,"  and "Brian C. Cornell," did NOT FILE ANY PLEADINGS AT THE MINNESOTA APPELLATE COURT in opposition to Plaintiff's pleadings**, even though the Rules require a response to challenge and oppose the facts and law filed by Plaintiff.  See the following pleadings filed by Plaintiff in which Defendant "T," and Defendant "SB," and "Brian C. Cornell," filed no response in opposition

to the facts and law: See Exhibit "5" attached hereto and by reference incorporated herein. It is self-evident that a two-tier system of justice exist in the State of Minnesota, and the law, facts, and evidence is ONLY in existence for citizens who hire a licensed attorney t $300.00/hour and pay a filing fee! With Defendant "T," and Defendant "SB," and "Brian C. Cornell," filing NO Response in opposition to Plaintiff's facts, law, and evidence, the Minnesota Appellate Court "illegally" dismissed Plaintiff's appeal.

**19.**   It was self-evident at that stage of litigation that Defendants were conspiring to prevent Plaintiff from gaining meaningful access to the State of Minnesota Courts of "licensed attorney" Law (aka known as "Judicial Branch of Government"). Accordingly, to ensure that Plaintiff had exhausted all appeals in the Minnesota Court before filing the instant complaint, Plaintiff filed an appeal to Defendant "MSC" (See Roy A. Day vs. Target Corporation, State of Minnesota, Supreme Court of Minnesota, No. A18-0611).   For the record: Plaintiff filed a Notice to Sue to comply with the Rules (See Exhibit "9" attached hereto and by reference incorporated herein).

**20.**   Defendant "MSC" is an exercise in "harassing-balderdash" pertaining to citizens filing an appeal. To file  an appeal from a civil action from the Minnesota Appellate Court (NOTE: the Supreme Court keeps the same appeal number as the Minnesota Appellate Court), one must file a pleading entitled "For Further Review" (this is the same as a definition for Petition for Writ of Certiorari). By using the title "For Further Review," Defendant "MSC" ensures the the true and correct facts and law are **NOT** listed by litigants at Defendant "MSC" by fraudulently placing a limit on the amount of words. Plaintiff filed a "full and complete" Petition for Writ of Certiorari (see Exhibit "8" attached hereto and by reference incorporated herein). Plaintiff did not title the pleading "For Further Review," since Plaintiff did know to use such a "ridiculous" title (the Rules do not say to title the pleading with the "For Further Review" heading). Unknown to Plaintiff, and to harass Plaintiff, and other citizens, if a litigant does NOT entitle the pleading "For Further Review," Defendant

"MSC" rejects the pleading. Plaintiff's Exhibit "8" was rejected because it did not state "For Further Review." With Plaintiff not knowing why Exhibit "8" was rejected based on the misleading language used for the rejection, Plaintiff filed Exhibit "8" FIVE (5) more times; Exhibit "8" was rejected Five more times. Defendant MSC" then informed Plaintiff the pleading had to be **entitled** "For Further Review," and Plaintiff's could not include seventy percent (70%) of the facts and law and evidence. It was then self-evident that Defendant "MSC" was orchestrating a scam and fraud to prevent the true and correct facts, law, and evidence from appearing on the document entitled "For Further Review." On the SEVENTH TIME for filing (see Exhibit "7" attached hereto and be reference incorporated herein), and to ensure Plaintiff had exhausted all appeals in the Minnesota Courts, Plaintiff filed a pleading entitled "Petition For Further Review" with a LARGE word count reflected in the pleading (see Exhibit "6" attached hereto and by reference incorporated herein – NOTE: Defendant "MSC" permits an addendum of fifty pages, so Plaintiff attached the TRUE AND CORRECT Petition as "exhibit "1" as an addendum which is the same as EXHIBIT "8" filed in the instant case). Defendant "MSC" struck the aforesaid addendum (Exhibit "8" in the instant Complaint) so the TRUE AND CORRECT FACTS, LAW, AND EVIDENCE did not appear on the face of the record, even though the addendum complied with the fifty page limit. REGARDLESS, **Defendants "T," and Defendant "SB,"  and "Brian C. Cornell," did NOT FILE ANY PLEADINGS AT THE MINNESOTA SUPREME COURT in opposition to Plaintiff's pleadings**, with the face of the record reflecting Defendant "T," and Defendant "SB," and "Brian C. Cornel," were served as active parties in the case (see supra, the Minnesota Appellate Judge entered an order to serve the parties). The Minnesota Rules of Appellate Procedure required a response to challenge and oppose the facts and law filed by Plaintiff.  See the following pleadings filed by Plaintiff in which Defendant "T," and Defendant "SB," and "Brian C. Cornell," filed no response in opposition to the facts and law (see Exhibit "8," and Exhibit "6", and Exhibit "5"). With Defendant LSG" being the principal

( Page 11 of 24 ) (FEB. 27, 2019)   ( DOC: COMPLAINT: ROY A. DAY VS.  STATE OF MINNESOTA )

co-conspirator, Defendant "LSG" dismissed the appeal and denied the "Petition For Further Review," even though there was no opposition to Plaintiff's pleadings! It is self-evident that a two-tier system of justice exist in the State of Minnesota. As an "operation of law," Plaintiff was entitled to have the lower court orders reversed.

**21.** REPRISE: See Exhibit "5," and Exhibit "8," and Exhibit "6," attached hereto and by reference incorporated herein. Defendants "T," and Defendant "SB," and "Brian C. Cornell," had an obligation and duty under the Minnesota Appellate Rules of Procedure pertaining to Defendant "MSC" Rules and methods and procedures and protocol to file a response denying the facts and law, but Defendants "T," and Defendant "SB," and "Brian C. Cornell," elected to "**admit**" the facts and law. As an "operation of law," Plaintiff had a one hundred percent (100%) right to have the lower court orders reversed. Defendant "LSG," with her co-conspirators (Defendant "SOM," and Defendant "MSC," and Defendant "T," and Defendant "SB," and Defendant "DAG," and Defendant "FBD") denied the law, facts, and evidence existed when they pertained to Plaintiff. THE LAW DID OPERATE ON ALL ALIKE! PLAINTIFF WAS SUBJECTED TO ARBITRARY ACTIONS OF GOVERNMENT! PLAINTIFF'S RIGHTS DID NOT EXIST UPON THE SAME RULE UNDER SIMILAR CIRCUMSTANCES.

**22.** Defendants, and Defendants' agents and servants and co-conspirators and employees, had full and complete knowledge that Plaintiff's pleadings filed at Defendant "MSC," and at the Minnesota Appellate Court, were unopposed under the Minnesota Rules of Appellate Procedure, and complied with the Minnesota Rules of Procedure, and Plaintiff was entitled to the relief as requested as an "operation of law," but Defendants were orchestrating the "**covert-criminal-operation**" to ensure Plaintiff was "**railroaded**."

**23.** The aforesaid harassing, harassing, harassing, intimidating, and threatening environment against Plaintiff, as orchestrated by Defendants, and Defendants' agents and

servants and co-conspirators and employees, constitutes a violation of Plaintiff's right of due process and equal protection of the law, violating the Fourteenth Amendment to the Constitution of the United States, and deprived Plaintiff of the following rights, privileges and immunities secured to Plaintiff, by the Constitution and Laws of the United States:

A. The right of Plaintiff not to be deprived of life, liberty or property without due process of law and the right to equal protection of the law, secured by the Fourteenth Amendment to the Constitution of the United States.

**24.** In doing the acts and things above complained of, Defendants, and Defendants' agents and servants and co-conspirators and employees, were engaged in a **PREMEDITATED AND PREARRANGED** scheme and conspiracy designed and intended to deny and deprive Plaintiff of rights guaranteed to Plaintiff under the Constitution and Laws of the United States, as hereinabove enumerated.

**25.**. Plaintiff has been denied due process and equal protection of the law due to the harassing, intimidating, threatening environment established by Defendants, and Defendants' agents and servants and co-conspirators and employees, in the State Courts of Minnesota.

**26.** The irreparable harm done by the Defendants', and Defendants' agents and servants and co-conspirators and employees, course of conduct to deny Plaintiff due process and equal protection of the law, in direct violation of Plaintiff's civil rights secured by the Constitution and Laws of the United States, since Defendants' course of illegal conduct against Plaintiff resulted in Defendants "tearing-up" the Constitution and Laws of the United States into scrap paper, and subsequently, attempting to deny Plaintiff the right to due process and equal protection of the law, has resulted in Plaintiff being denied "damages" for the illegal conduct.  No adequate remedy exists at law for redress of those deprivations, which continue to occur and will occur in the future unless enjoined by this court.

**27.** Due to the aforesaid facts, supra, <u>no other adequate remedy</u> exists at law for redress of the course of illegal conduct by Defendants, and Defendants' agents and servants and co-conspirators and employees, against Plaintiff, and which continue to occur and will occur in the future, unless this court permits Plaintiff to have <u>immediate</u> "ACCESS" to this Court to obtain relief from Defendants, and Defendants' agents and servants and co-conspirators and employees, with the overlay to have this Court issue an order directing Defendants "two-tier system of justice" and "*MACHINATION COURTS*" be dismantled.

**28.** **FOR PERPETUITY**: <u>REPRISE</u>. As "**classic prima facie" evidence, and evidence "beyond a reasonable doubt," and a "preponderance of evidence**," that a "two-tier" system of justice abounds in Defendant State of Minnesota, as associated with the "Judicial Branch of Government," with the principal co-conspirator being Defendant "LSG," the following controlling facts and law speak for themselves pertaining to the Defendant "T," and Defendant "SB," and "Brian C. Cornel." After being served at the Appellate Court level, Defendant "T," and Defendant "SB," and "Brian C. Cornel," elected to "**admit**" each and all facts and issues as an "**operation of law**" under the Minnesota Rules of Appellate Procedure. Defendant "LSG" conspired with Defendants to deny the law, facts, and evidence existed when the law, facts, and evidence pertained to Plaintiff, and "illegally" dismissed Plaintiff's appeal at Defendant "MSC," with the overlay to permit the theft and confiscation of Plaintiff's property, and the denial of Plaintiff's rights. Defendant "LSG" has been "Chief Judge" since A.D. 2010, and has been orchestrating a "<u>crime against humanity</u>" to permit thefts to be referenced as "**frivolous**," with the overlay to accept cash under the table (<u>cash in "various forms" to say "thank you" from defendants, and to conceal and cover-up the "crime against humanity</u>"). The "plebeians" of Defendant "SOM" need to determine if Defendant "LSG" is a "security risk," and a "crime against humanity," and should be "put-out to pasture." Defendant "LSG" considers the theft of Five Dollars to be "**frivolous**," since Defendant "LSG" makes $300.00/hour in legal fees in direct violation of the Clayton Act,

and Sherman Act, and the various States Anti-Trust statutes; however, no "plebeians" of Defendant "SOM" would consider Five Dollars "frivolous," since "plebeians" live from paycheck-to-paycheck and need the Five Dollars to eat, sleep, and live daily. Further, Defendant "LSG," as the "principal co-conspirator" with Defendant "T," and Defendant "SB," and Defendant "DAG," and Defendant "FBD," with cash under the table (cash in "various forms" to say "thank you" from defendants, and to conceal and cover-up the theft of $5.00, and the associated "two disparate-computer-networks") is permitting **"two disparate-computer-networks"** used by Defendant "T," and Defendant "SB" to confiscate and purloin Plaintiff's property, and "**The Class**," solely for the purpose to unjustly enrich Defendant "T," and Defendant "SB." The law, facts, and evidence were non-existent to Plaintiff since Defendant "LSG" considered Plaintiff a non-citizen with no rights based on Plaintiff's inability to hire a licensed attorney for $300.00/hour, and the inability to pay a filing fee as a pauper. The Minnesota "trial level court" denied the law, facts, and evidence existed pertaining to Plaintiff (see Complaint – see Exhibit "1") and "STABBED" Plaintiff in the back! Plaintiff went to the Minnesota Appellate Court, and the Appellate Court Judge "TWISTED THE KNIFE" and denied the law, facts, and evidence existed when pertaining to Plaintiff. The "two-tier' system of justice in the State Courts of Minnesota used "pen and paper" to STAB Plaintiff in the back. Plaintiff had one last appeal to ascertain if the law, facts, and evidence would be admitted, and to determine if the theft of Five Dollars was considered "frivolous" in Defendant "SOM." Plaintiff went to Defendant "MSC" and confronted the Chief Judge (**Defendant "LSG" – aka "she"**). Defendant "LSG" denied the law, facts, and evidence existed when pertaining to Plaintiff, and permitted the theft of Five Dollars and issued an order that referenced the Five Dollar theft as "frivolous." Defendant "SOM," and Defendant "MSC," as associated with the "principal co-conspirator" designated as Defendant "LSG," conspired with Defendant "T," and Defendant "SB," and Defendant "DAG," and Defendant "FBD," to conceal and cover-up the illegal conduct against Plaintiff

pertaining to the denial of law, facts, and evidence, with "she" "torturing" Plaintiff on a "rack," and would not remove Plaintiff until Plaintiff rescinded Plaintiff's law, facts, and evidence; Plaintiff refused, and "she" was not satisfied, so "she" then "garroted" Plaintiff. Still not satisfied, "she" then "guillotined" the Plaintiff. Subsequently, "she" "quartered" Plaintiff to ensure the "public" would not see the illegal conduct orchestrated against Plaintiff. "She" being well versed on the Minnesota Rules of Evidence as the Chief Judge since A.D. 2010, and as the "principal co-conspirator," "she" orchestrated the conspiracy to conceal and cover-up the "two-tier" system of justice by "**garroting**" and "**quartering**" Plaintiff so no evidence would appear on the face of the record. Defendant "LSG" has elected to "obstruct justice" and "tamper with evidence." Defendant "LSG's" "**intent**" (90% of the law) was clear and certain and full and satisfactory, when in fact, it was "beyond a reasonable doubt" to establish a two-tier system of justice, and rob and rape Plaintiff's property and rights, since Defendant "T," and Defendant "SB," and Brian C. Cornell, admitted each and all Plaintiff's facts and law as an "operation of law." It is axiomatic that "she," as an "**expert witness**" for the Minnesota Rules of Evidence, has "**garroted**," and "**guillotined**," and "**quartered**" the citizens of Minnesota **to prevent any evidence from appearing on the face of the record** pertaining to the "plebeians'" property being stolen, and subsequently defined as "frivolous." There is one last remaining question before this court (**CAVEAT**: This is NOT a Rhetorical Question):  Will this court be a co-conspirator?

WHEREFORE, PREMISES CONSIDERED, Plaintiff, demands that the following relief be granted:

a. Setting a prompt hearing for a preliminary injunction wherein Defendants shall show cause why they, and those in active concert or participation with them or any of them, should not be enjoined during pendency of this action from continuing to deny citizens due process and equal protection of the law;  setting a prompt hearing for a preliminary

injunction wherein Defendants shall show cause why they, and those in active concert or participation with them or any of them, should not be enjoined during pendency of this action from continuing to use a "two-tier system of justice" to deny paupers and citizen-attorneys their "damages," and enjoined during pendency of this action from continuing to deny Plaintiff his basic rights and Constitutional rights.

b. Issuing a permanent injunction restraining Defendants from continuing to proceed to deny citizens due process and equal protection of the law, and  issuing a permanent injunction restraining Defendants from continuing to deny Plaintiff his basic rights and Constitutional rights .

c. Declare that Defendants have violated Plaintiff's Fourteenth Amendment rights by harassing, intimidating, threatening Plaintiff, and subjecting Plaintiff to a "two-tier system of justice" by denying Plaintiff his basic rights and Constitutional rights, including the obstruction of justice and tampering with evidence in reference to Plaintiff's pleadings filed at Defendant "SOM" Courts of Law.

 d. Awarding Plaintiff cost and reasonable attorneys' fees ("litigating fees") or, in the alternative, time and money spent to prepare, file and present this lawsuit for the reasonable costs and expenses of this action, and in the event of appeal to the United States Court of Appeals and the Supreme Court of the United States, Plaintiff have and recover additional attorneys' fees and reasonable cost and expense of that action.

e. Granting Plaintiff such other and further relief as may be just.

### COUNT TWO
(in the alternative to Count One)

**29.** Plaintiff repeats and realleges paragraphs one through eleven, and fourteen through twenty-eight, as if the aforesaid paragraphs were expressly stated herein.

**30.** This action arises under the United States Constitution, particularly under the provisions of the Fourteenth Amendments to the Constitution of the United States, and for an order declaring unconstitutional the discriminatory acts of Defendants.

**31.** This action is brought pursuant to Title 28, United States Code, Section 2201, 2202, and the Fourteenth Amendments to the Constitution of the United States. This Court has jurisdiction under Title 28, United States Code, Section 1331.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, demands that the following relief be granted:

a. Plaintiff repeats and realleges the "prayer" in COUNT ONE, as if the aforesaid "prayer" was expressly stated herein.

## COUNT THREE

**32.** Plaintiff repeats and realleges paragraphs one through eleven, and paragraphs fourteen through twenty-eight, as if the aforesaid paragraphs were expressly stated herein.

**33.** This is a civil action brought for emotional distress, and for money damages to redress the injury of emotional distress caused to Plaintiff by Defendants, supra. <u>NOTE</u>: Defendant Minnesota Supreme Court (agents, servants, co-conspirators, employees), and Defendant Lorie S. Gildea, are libel for damages, since their acts were pursuant to "prior agreement" and "personal motivation" (not a judicial act). The co-conspirators, agents, and servants, and employees, including but not limited to, Defendant "T," and "SB," and "DAG," and "FBD," are libel for damages.

**34.**    As a direct, proximate and natural result of Defendants' <u>willful, intentional,</u> <u>malicious and wanton</u> course of illegal conduct against Plaintiff with total disregard for Laws of the United States of America, Plaintiff has suffered severe emotional distress with fright, chagrin, embarrassment, anger, nausea, nightmares, difficulty sleeping and his social life destroyed in the SUM of One Million Dollars ($1,000,000.00), and will continue to suffer (Plaintiff will submit "expert witness" testimony on this issue).

WHEREFORE, PREMISES CONSIDERED, Plaintiff, demands that the following relief be granted:

a. Granting Plaintiff judgment against Defendants pursuant to mental pain and suffering damages, in the SUM of One Million Dollars ($1,000,000.00); with interest at the lawful rate until judgment; that Plaintiff have and recover interest on that judgment at the rate of twenty percent (20%) per annum until paid.

b. b. Awarding Plaintiff cost and reasonable attorneys' fees ("litigating fees") or, in the alternative, time and money spent to prepare, file and present this lawsuit for the reasonable costs and expenses of this action, and in the event of appeal to the United States Court of Appeals and the Supreme Court of the United States,

c. Granting Plaintiff such other and further relief as may be just.

## COUNT FOUR

**35.** Plaintiff repeats and realleges paragraphs one through eleven, and fourteen through twenty-eight, as if the aforesaid paragraphs were expressly stated herein.

**36.** This is a civil action brought for fraud, and for money damages to redress the injury caused to Plaintiff by the course of fraudulent conduct by Defendants, and for an order declaring the acts of Defendants as illegal.

**37.** At all times mentioned, and for some time prior, Defendant State of Minnesota Judges, including but not limited to, Defendant "LSG," entered orders against Plaintiff that were "cunning, misleading and deceptive," and involved intrinsic and extrinsic fraud, solely for the purpose to take undue advantage of Plaintiff and to ensure Plaintiff is denied the "damages" pertaining to a theft.

**38.** Defendants, and Defendants' agents and servants and co-conspirators and employees, did willfully, and with a wanton disregard and reckless disregard for Plaintiff's rights, refused and continued to refuse, to deny Plaintiff his Constitutional rights of due process and equal protection of the law, and the right not be subjected to "cunning, misleading, and deceptive" orders that denied Plaintiff due process and equal protection of the law. The aforesaid conduct resulted in willful and wanton disregard and reckless disregard of Plaintiff's rights as associated with the "**PREMEDITATED AND PREARRANGED**" scheme to harass, and harass, and harass  Plaintiff using "cunning, misleading, and deceptive" orders.

**39.** The facts indicate that the said Defendants conspired to carry-out the "**PREMEDITATED AND PREARRANGED**" scheme and plan and "**covert-criminal-operation**" against Plaintiff to subject Plaintiff to a "two-tier system of justice" by entering "cunning, misleading, and deceptive" orders (intrinsic fraud and extrinsic fraud), and subsequently, deny Plaintiff due process and equal protection of the law.

**40.** With full knowledge of the existence of the above facts, Defendants refused and continued to refuse to honor Plaintiff's rights as a citizen of the United States, when in fact,

Plaintiff was subjected to a "PREMEDITATED AND PREARRANGED" scheme and conspiracy and a "covert-criminal-operation" to deny Plaintiff due process and equal protection of the law.

**41.** That by virtue of the willful, intentional, wanton, reckless, malicious, fraudulent conduct (intrinsic and extrinsic), as aforesaid, and as a proximate result thereof, Plaintiff has been damaged in the SUM CERTAIN of One Million Dollars ($1,000,000.00).

WHEREFORE, PREMISES CONSIDERED, Plaintiff, demands that the following relief be granted:

a. Granting Plaintiff judgment against Defendants, and each of them, jointly and severally, for compensatory damages in the amount of One Million Dollars ($100,000,000.00) with interest at the lawful rate until paid; that Plaintiff have and recover on that judgment at the rate of twenty percent (20%) per annum until paid.

b. Declare that Defendants, and each and all of them, have engaged in fraudulent conduct (intrinsic and extrinsic – "cunning, misleading, and deceptive") conduct against Plaintiff, and Defendants are to cease and desist the "PREMEDITATED AND PREARRANGED" scheme and conspiracy "covert-criminal-operation" at the Minnesota Supreme Court, and the various State Courts in the State of Minnesota, with the overlay to deny Plaintiff due process and equal protection of the law, and to cease and desist the harassing, intimidating, and threatening environment; declare that Defendants are to cease and desist the "PREMEDITATED AND PREARRANGED" scheme and conspiracy "covert-criminal-operation" to deny Plaintiff the right to have a fair trial by jury without obstruction of justice and tampering with evidence.

c. Awarding Plaintiff cost and reasonable attorneys' fees, and in the event of appeal to the United States Court of Appeals and the Supreme Court of the United States, Plaintiff have and recover additional attorneys' fees and reasonable cost and expense of that action.

d. Granting Plaintiff such other and further relief as may be just.

## REQUEST FOR A TRIAL BY JURY

Plaintiff, Roy A. Day in the above-entitled and numbered matter demands a trial by jury of all issues so triable in said matter on the grounds that it is entitled to such trial by virtue of having complied with all requisites of the Federal Rules of Civil Procedures, and there exists in this case an adequate and complete remedy at law.

**N.B. – NOTA BENE**: In lieu of a citizens' jury panel, Plaintiff would stipulate and agree, in a precedent setting request, that each and all active Justices sitting on the United States District Court for the District of Minnesota, and each and all active Justices sitting on the United States Court of Appeals (Eighth Circuit), to be Judge and Jury, and determine a final resolution in the instant case, since it involves the Judicial Branch of Government in the State of Minnesota, and licensed attorneys. Further, you can place all the proceedings under seal.

Respectfully submitted,

/s/ Roy A. Day

Roy A. Day
P.O. Box 33
Tarpon Springs, Florida
USA       34688-0033

BY:   /s/ Roy A. Day    (I.D. NO. ???-??-2452)

      ROY A. DAY
      P.O. BOX 33
      TARPON SPRINGS, FLORIDA
      USA          34688-0033
      TELEPHONE: 727-6428636
      EMAIL: royaday@hotmail.com
      Citizen-Attorney for Plaintiff Roy A. Day


NOTE: Forced to file an "initial paper Complaint," and then hopefully, and Amended Complaint will be filed electronically – future filing using CM/ECF


**CONTACT INFORMATION**:

ROY A. DAY
P.O. BOX 33
TARPON SPRINGS, FLORIDA
USA          34688-0033
----------------------------------------------------------------------------------------
**VOICE**: (PRIMARY: 727-6428636)
----------------------------------------------------------------------------------------
**FAX, and VOICE**: 206-4951708
----------------------------------------------------------------------------------------
**MOBILE DEVICE– TEXT MESSAGE (NO EMAIL TEXT MESSAGE): 727-6428636**
----------------------------------------------------------------------------------------

**EMAIL ADDRESS and MOBILE Pocket PC address**:   royaday@hotmail.com
----------------------------------------------------------------------------------------

**INDEX**:

See EXHIBIT "1" – Complaint – Minnesota - Minneapolis.

See EXHIBIT  "2" – Letter to Defendant Dadri –Anne A. Graham.

See EXHIBIT "3" – Order – June 6, 2018 dismissal.

See EXHIBIT "4" – Order – June 27, 2018 reinstatement.

See EXHIBIT "5" – Plaintiff-Appellant "Full" Minnesota Appellate Court Brief.

See EXHIBIT "6" – Plaintiff-Appellant's Minnesota Supreme Court "clipped" Brief, and forced to reduce and edit for word count, and known as Petition for "Further Review."

See EXHIBIT "7" – Cover Letter to Clerk on Petition "Further Review" – Seven filings

See EXHIBIT "8" – Plaintiff-Appellant Full" Minnesota Supreme Court Brief but was denied the right to file (filed as an Addendum as Ex. "1" – but the court struck the pleading even though it was less than fifty pages and complied with the Rules).