UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Roy A. Day, | Case No. 19-CV-0496 (WMW/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Roy A. Day's Application to Proceeds in forma pauperis. [Docket No. 2].

Plaintiff Roy A. Day alleges that he was "fraudulently' deprived of four dollars by Defendants Target Corporation and Starbucks Corporation when he allegedly tendered five dollars to be placed on a gift card but only received a credit for one dollar on the gift card. Day sought to press claims about the incident in the Minnesota state courts, but his application to proceed in forma pauperis ("IFP") was denied due to his lawsuit being deemed frivolous, and the action was administratively closed. The Minnesota Court of Appeals affirmed the denial of Day's IFP application; the Minnesota Supreme Court declined review. See, Day v. Target Corp., No. A18-0611, 2018 WL 6729772 (Minn. Ct. App. Dec. 24, 2018). Now Day comes to this federal court bringing not only the state-law claims against Target and Starbucks deemed frivolous by the earlier action, but also federal-law claims against the Minnesota Supreme Court, that Court's Chief Justice, the State of Minnesota, and the law firm and attorney that defended Target in the state-court proceedings, on the grounds that those parties all conspired to deny him from being afforded justice.

1

This lawsuit, like the lawsuit that Day filed in Minnesota state court, is frivolous. See, 28 U.S.C. § 1915(e)(2)(B); Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08 (1989) (noting that courts have the inherent authority to dismiss frivolous complaints). The actions of the state-court actors complained of by Day are quintessentially judicial functions, and those Defendants are therefore entitled to absolute immunity for those actions. Day offers nothing more than mere speculation that the non-state actors did anything beyond defend themselves against his frivolous state lawsuit and therefore, he has failed to raise any non-frivolous federal-law claim for relief against those Defendants. Finally, the Court lacks original jurisdiction over the state-law claims brought against Target and Starbucks. For all these reasons, it will be recommended that this action be dismissed. See, Mallard, 490 U.S. at 307–08.

The lawsuit that Day filed in Minnesota state court was accurately described by the Minnesota Court of Appeals as follows:

> In his complaint, appellant Roy A. Day alleges the following. Appellant attempted to deposit five dollars in his Starbucks account at a Starbucks located inside a Target store. However, when he checked his receipt the next day, he discovered that only one dollar had been deposited. Appellant believed this to be part of a larger scheme orchestrated by Target and Starbucks to enable cashiers to steal from consumers. The purported scheme was relatively simple: when a consumer attempted to deposit five dollars to their account, the cashier only credited the account one dollar and pocketed the rest. However, appellant believed, the cashier was only capable of carrying out the theft because Starbucks's computer system has a five-dollar minimum per deposit but Target's has a one-dollar minimum.

Day, 2018 WL 6729772, at *1. Day's IFP application was denied on the grounds that the claims of fraud, intentional infliction of emotional distress, and negligence he had raised were frivolous, and the action was administratively closed. Day remained free to proceed on those claims in state court as a non-IFP litigant (provided that he pay the filing fee for the action) or to file an amended complaint raising non-frivolous claims. But rather than pursuing either of those options, Day instead appealed

the denial of the IFP application to the Minnesota Court of Appeals. After the denial of the IFP application was affirmed by that Court, Day sought review before the Minnesota Supreme Court, which declined the invitation.

The Amended Complaint[1] filed by Day in this federal litigation mirrors in some respects the pleading he filed in state court; Day again seeks recovery from Target and Starbucks on allegations of fraud and similar state-law causes of action. This time, though, Day also brings claims under federal law asserting that his due-process rights were violated by the actions of the Minnesota state courts and the attorneys acting there on behalf of Target. See, 42 U.S.C. § 1983.

These federal claims are also frivolous. Neither the State of Minnesota nor the Minnesota Supreme Court are "persons" for purposes of § 1983, and therefore, they cannot be sued under that provision for alleged violations of a litigant's federal constitutional rights. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). By contrast, while Minnesota Chief Justice Lorie S. Gildea is a "person" for purposes of § 1983, the only actions of hers alleged by Day—establishment of procedural rules and the denial of his petition for review—are quintessentially judicial functions, for which she is invested with absolute immunity from suit. See, e.g., Mireles v. Waco, 502 U.S. 9, 11–13 (1991) (per curiam). Put simply: a litigant cannot sue the state, its courts, or its judges because he is unhappy that a lawsuit he filed has been dismissed.

None of the other Defendants is invested with judicial immunity, but the claims against those Defendants under § 1983 are equally baseless. For one thing, "[o]nly state actors can be held liable under Section 1983," Carlson v. Roetzel & Andress, 552 F.3d 648, 650 (8th Cir. 2008) (quotation omitted), and thus to the extent that the remaining Defendants acted in a purely private capacity as

---

[1] A party may amend his pleading once as a matter of course at any point prior to 21 days after serving it. See, Fed. R. Civ. P. 15(a)(1)(A). The Defendants have not yet been served in this action. Accordingly, Day's Amended Complaint, [Docket No. 6], is the operative pleading in this matter.

legal counsel for clients opposing Day's state court litigation, their actions cannot fall within the umbrella of § 1983.

A private party may be considered a "state actor" where that party "willfully participates in joint activity with the State," Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 81, 855 (8th Cir. 2011), but Day's allegations of joint unlawful activity are entirely conclusory and speculative. Day seems to reason backwards from the fact that his Minnesota state court lawsuit was dismissed to reach the conclusion that the state courts and the private actor Defendants must have been in cahoots to infringe his constitutional rights. The allegation lacks merit on its face—especially in light of the detailed opinion of the Minnesota Court of Appeals specifically articulating the grounds on which Day's complaint there was being found to be frivolous. See, Day, 2018 WL 6729772, at *1–2.

Finally, there remains the state-law claims against Target and Starbucks which were themselves found to be frivolous in the earlier state court litigation. The posture in which those claims arrive before this Court is peculiar; the state courts have deemed those claims to be frivolous as a matter of state law, but at the same time, the claims have not yet been officially dismissed by the state courts. The Rooker–Feldman doctrine[2] "deprives federal courts of jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Banks v. Slay, 789 F.3d 919, 922 (8th Cir. 2015) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  Here, though, no judgment has ever been entered on Day's claims, and Day remains free to prosecute his claims in state court despite the fully-litigated finding that those claims are frivolous under Minnesota law.

---

[2] See, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

4

In order to litigate those state-law claims in this Court, however, Day still must establish this Court's subject-matter jurisdiction over the claims. The only basis for this Court's original jurisdiction over this lawsuit is the federal question posed by Day's claims under § 1983; no such federal question is presented by the state-law claims. See, 28 U.S.C. § 1331. Day does not allege that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and even if he had made such a jurisdictional allegation, far less than $75,000 appears to be at stake in this action, notwithstanding Day's demands for far more than that amount; the impetus for this lawsuit, after all, is a discrepancy of $4.00 on Day's Starbucks account. Finally, the Eighth Circuit has instructed district courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial. See, Hervey v. County of Koochiching, 527 F.3d 711, 726–27 (8th Cir. 2008).

Accordingly, it is recommended that the federal-law claims brought by Day be dismissed with prejudice on grounds of frivolity, judicial immunity, or (as appropriate) both, while the state-law claims be dismissed for lack of subject matter jurisdiction.

Only one matter merits further comment.

This is not Day's first attempt at raising frivolous litigation. The United States District Court for the Middle District of Florida, the district in which Day alleges he resides, saw fit to impose filing restrictions and sanctions after Day was found to have filed sixty-two (62) "lengthy, rambling, primarily nonsensical, and invariably frivolous" lawsuits. See, In re Roy Day Litigation, 976 F. Supp. 1455, 1456 (M.D. Fla. Dec. 15, 1995). So too have the Florida state courts, see, Day v. State, 903 So.2d 886 (Fla. 2005); Day v. Vinson, 713 So.2d 1016 (Fla. Dist. Ct. App. 1998); the United States District Courts for the District of Delaware, see, Day v. Toner, No. 12-cv-1715, 2013 WL 3939656 (D. Del. July 26, 2013) (filing restrictions); the Southern District of Texas, Day v. Amoco Chemicals Corp., 595 F. Supp. 1120 (S.D. Tex. 1984) (sanctions); and the Western District of Washington, Day

5

v. Florida, No. 14-cv-367, 2014 WL 2116083 (W.D. Wash. May 21, 2014); and the Supreme Court of the United States, Day v. Day, 510 U.S. 1 (1993) (filing restrictions). Still other courts have labeled litigation filed by Day in those venues as frivolous.  See, e.g., Day v. Loucks, 668 F. App'x 425 (3d Cir. 2016) (per curiam); Day v. AT&T Mobility, LLC, No. 1:17-cv-3294, 2018 WL 2002135 (N.D. Ga. Feb. 26, 2018). And, of course, the wellspring of this action was a frivolous lawsuit filed by Day in the Minnesota state courts.

Day is forewarned that, although pro se litigants have a right of access to the Courts, that right does not extend to frivolous or vexatious lawsuits. Should Day persist in filing such litigation in this District, it may become necessary to impose filing restrictions upon him similar to the restrictions that have been imposed upon him elsewhere.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED** as follows:

   a. The claims brought pursuant to federal law be **DISMISSED WITH PREJUDICE**.

   b. The claims brought pursuant to state law be **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff Roy A. Day's application to proceed in forma pauperis, [Docket No. 2], be **DENIED AS MOOT**.


Dated: March 22, 2019                     s/Leo I. Brisbois
                                          Leo I. Brisbois
                                          United States Magistrate Judge

6

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).