UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Roy A. Day, | Case No. 19-cv-0496 (WMW/LIB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| State of Minnesota et al., | |
| Defendants. | |

This matter is before the Court on the March 22, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 11.) The R&R recommends dismissing Plaintiff Roy A. Day's federal claims as frivolous and dismissing his state claims for lack of subject-matter jurisdiction. Day filed timely objections to the R&R. For the reasons addressed below, Day's objections are overruled, the R&R is adopted, and Day's complaint is dismissed.

## BACKGROUND

The R&R contains a detailed recitation of the factual and procedural background of this case. As relevant here, Day alleges that Defendants Target Corporation and Starbucks Corporation fraudulently deprived him of four dollars. When Day commenced a lawsuit in Minnesota state court arising from this alleged fraud, the state district court denied Day's petition to proceed *in forma pauperis* (IFP), finding that Day's lawsuit was frivolous, and closed the case for failure to pay the filing fee. The Minnesota Court of Appeals affirmed, and the Minnesota Supreme Court denied Day's petition for further review. *See Day v.*

*Target Corp.*, No. A18-0611, 2018 WL 6729772 (Minn. Ct. App. Dec. 24, 2018), *review denied* (Minn. Feb. 19, 2019).

Day subsequently commenced this federal lawsuit against the State of Minnesota, the Minnesota Supreme Court, and the Chief Justice of the Minnesota Supreme Court (collectively, "the state defendants"), as well as Target Corporation, Starbucks Corporation, and the attorney and law firm that represented Target Corporation in Day's state-court lawsuit (collectively, "the private defendants"). Count One and Count Two of Day's amended complaint allege that Defendants conspired to deprive him of his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution (hereinafter, "federal claims"). Count Three and Count Four of the amended complaint allege state-law tort claims for infliction of emotional distress and fraud (hereinafter, "state claims"). Day seeks injunctive and declaratory relief, as well as damages, costs, and attorneys' fees in excess of $1 million.

The R&R recommends dismissing Day's federal claims with prejudice as frivolous and dismissing Day's state claims without prejudice for lack of subject-matter jurisdiction. As such, the R&R also recommends denying as moot Day's pending IFP application. Day filed timely objections to the R&R.

## ANALYSIS

A district court reviews de novo those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). A district court reviews for clear error any aspect of an

R&R to which no objection is made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because the R&R recommends dismissing Day's federal claims and state claims on different bases, the Court addresses the federal claims and state claims separately.

**I.      Day's Federal Claims**

Day's amended complaint alleges that Defendants violated his constitutional rights to due process and equal protection, *see* 42 U.S.C. § 1983, and conspired to deprive Day of his rights to equal protection, privileges, and immunities, *see* 42 U.S.C. § 1985(3). The Court separately addresses Day's claims under Section 1983 and Section 1985(3).

**A.      Day's Section 1983 Claims**

Day's amended complaint first alleges that Defendants are liable under 42 U.S.C. § 1983 for violating his rights to due process and equal protection under the Fourteenth Amendment. As relevant here, Section 1983 provides:

> Every person who, under color [of law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Although Section 1983 does not establish any substantive rights, it may be invoked to vindicate federal rights conferred by the United States Constitution and

federal statutes that Section 1983 describes.[1]  *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012).  The R&R recommends dismissal of Day's Section 1983 claims as frivolous.

A district court has inherent authority to dismiss a frivolous lawsuit.[2]  *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307-08 (1989).  Unlike a complaint that fails to state a claim, a frivolous lawsuit lacks even "an arguable basis either in law or in fact" or relies on an "indisputably meritless legal theory" or allegations that are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989); *accord Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  Federal courts cannot summarily dismiss a lawsuit as frivolous if the facts alleged in the complaint are merely "unlikely."  *Denton*, 504 U.S. at 33.  But a lawsuit may be dismissed as frivolous if the factual allegations in the complaint are found

---

[1]  In the amended complaint and in his objections to the R&R, Day appears to assert that his Section 1983 claims in Count One and his Fourteenth Amendment claims in Count Two are distinct.  But a Section 1983 claim must be predicated on the deprivation of federal rights conferred by the United States Constitution or federal statutes.  *See Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012).  Thus, as relevant to the Court's analysis here, these claims are not distinct.

[2]  Day did not pay the filing fee when he commenced this lawsuit.  Instead, he applied for IFP status.  Many of the grievances advanced in Day's amended complaint and objections to the R&R are based on his assertion that a "two-tier system of justice" exists, in which litigants such as Day who lack sufficient financial means are effectively denied meaningful access to the courts.  Notably, however, even if a plaintiff has paid the filing fee, a district court has the inherent authority to dismiss the complaint if it is frivolous.  *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307-08 (1989) (explaining that the federal IFP statute "authorizes courts to dismiss a 'frivolous' . . . action, but there is little doubt they would have power to do so in the absence of this statutory provision"); *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996) (observing that district courts may *sua sponte* dismiss a frivolous complaint prior to service); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee.").

to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* (citing *Neitzke*, 490 U.S. at 325, 328).

As the magistrate judge correctly observed, private parties cannot be sued under Section 1983 for alleged constitutional violations because "[o]nly state actors can be held liable under Section 1983." *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (internal quotation marks omitted). A private party may be considered a state actor if that party "willfully participates in joint activity with the State." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). But to the extent that Day alleges that Starbucks, Target, and Target's attorneys acted jointly with the state defendants, his factual allegations are so "fanciful" that they "rise to the level of the irrational or the wholly incredible." *See Denton*, 504 U.S. at 33. Nothing in Day's objections remedies these legal and factual deficiencies. For these reasons, Day's Section 1983 claims against the private defendants lack an arguable basis in both law and fact and are, therefore, frivolous.

The magistrate judge also correctly observed that, as a matter of law, the state defendants cannot be sued under Section 1983 for alleged constitutional violations. *See Mireles v. Waco*, 502 U.S. 9, 11-13 (1991) (per curiam) (addressing judicial immunity); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that state officials acting in their official capacities are not "persons" subject to suit under Section 1983). In his objections, Day relies in part on *Monell v. Department of Social Services*, 436 U.S. 658 (1978), to argue that the state defendants *can* be sued under Section 1983. But *Monell* is "limited to local government units," 436 U.S. at 690 n.54, and it does not permit suit against

5

a state, state courts, or state court judges, *see, e.g.*, *Harris v. Mo. Court of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986). Day's objection on this basis, therefore, lacks merit.

Day also objects that the R&R did not address his claims for prospective equitable relief. The Eleventh Amendment bars a plaintiff from suing a state official in his or her official capacity except for certain claims seeking prospective equitable relief. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 169 (1985); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). This exception for prospective relief is limited to state officials and does not apply to states or state agencies. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Day's complaint seeks prospective equitable relief against one state official, the Chief Justice of the Minnesota Supreme Court. But the only concrete fact Day alleges with respect to the Chief Justice is that she was involved in the Minnesota Supreme Court's denial of his petition for further review, a fact that does not support a cognizable Section 1983 claim. *See Mireles*, 502 U.S. at 11-13; *Will*, 491 U.S. at 71. The remainder of Day's allegations against the Chief Justice consist of hyperbolic speculation and conclusory allegations of corruption. Thus, Day's factual allegations in support of his claims for equitable relief against the Chief Justice are clearly baseless.

For these reasons, the Court overrules Day's objections and adopts the R&R's recommendation to dismiss Day's Section 1983 claims as frivolous because they lack an arguable basis in both law and fact.

B. **Day's Section 1985(3) Claims**

Day's amended complaint also alleges that Defendants conspired to deprive him of his rights to equal protection, privileges, and immunities, in violation of 42 U.S.C.

§ 1985(3). Because the R&R does not separately address Day's Section 1985(3) claims, the Court evaluates these claims in the first instance.

A plaintiff asserting a conspiracy claim under Section 1985(3) must establish (1) membership in a class suffering from invidious discrimination and (2) the defendants' actions were motivated by racial animus or class-based discrimination. *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-39 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

The Eleventh Amendment bars a plaintiff from suing a state or its agencies in federal court absent consent or congressional abrogation of immunity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 64-65, 73-74 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). And, as addressed above, the Eleventh Amendment also bars a plaintiff from suing a state official in his or her official capacity, except for certain claims seeking prospective injunctive relief that are not adequately asserted here. *Graham*, 473 U.S. at 165-66, 169; *Murphy*, 127 F.3d at 754. Congress did not abrogate state immunity by enacting Section 1985(3). *See Beach v. Minnesota*, No. 03-cr-862, 2003 WL 21488679, at *3 (D. Minn. June 25, 2003), *aff'd*, 92 F. App'x 386 (8th Cir. 2004). Accordingly, Day's Section 1985(3) claims against the state defendants lack merit for the same reasons addressed above in Part I.A.

As to the private defendants, unlike Section 1983, liability under Section 1985(3) is not necessarily limited to state actors. *See Lewis v. Pearson Found., Inc.*, 908 F.2d 318, 320-21 (8th Cir. 1990). But nothing in the amended complaint reasonably suggests that Day is a member of a protected class *or* that the private defendants were motivated by

class-based, invidiously discriminatory animus, as is necessary to advance a Section 1985(3) claim. A lawsuit is not frivolous if the facts alleged in the complaint are merely "unlikely." *Denton*, 504 U.S. at 33. But Day's allegations—that attorneys, retail corporations, and the State of Minnesota and its courts are involved in an elaborate "PREMEDITATED AND PREARRANGED scheme and plan and covert-criminal-operation" to deprive Day of a constitutional right to access the courts and recover $4 allegedly stolen from him—are not merely unlikely, but instead "rise to the level of the irrational or the wholly incredible." *Id.* (citing *Neitzke*, 490 U.S. at 325, 328). There is no rational explanation in the amended complaint as to how or why such a scheme is inferable from the concrete facts alleged. Accordingly, Day's Section 1985(3) claims against the private defendants also are frivolous.

In summary, because all of Day's federal claims are legally and factually frivolous, and his objections to the R&R's recommendation to dismiss these claims lack merit, the objections are overruled. Accordingly, the Court adopts the R&R's recommendation to dismiss Day's federal claims, and these claims are dismissed with prejudice.

## II. Day's State Claims

Day's amended complaint also asserts state claims for infliction of emotional distress and fraud. Because Day does not allege, and the record does not establish, a basis for this Court to exercise original jurisdiction over these state-law claims,[3] this Court has

---

[3] Day does not invoke this Court's diversity jurisdiction in his amended complaint. But in his objections to the R&R, Day correctly observes that the civil cover sheet he filed with his complaint demonstrates his intent to invoke diversity jurisdiction. Nonetheless, the record does not plausibly support the exercise of such jurisdiction here. "A complaint

subject-matter jurisdiction over these claims only on the basis of supplemental jurisdiction. As such, because Day's federal claims are dismissed, the R&R recommends declining to exercise supplemental jurisdiction over Day's state claims and dismissing those claims for lack of subject-matter jurisdiction.

A district court may decline to exercise supplemental jurisdiction over a plaintiff's state-law claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *accord Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Although a district court may exercise supplemental jurisdiction, it should "exercise judicial restraint and avoid state law issues wherever possible." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). The magistrate judge's recommendation to dismiss Day's state claims on this basis is legally sound, and nothing in Day's objections warrants a different result.

Accordingly, Day's objections to this aspect of the R&R are overruled, and the R&R's recommendation to dismiss Day's state claims is adopted. These claims are dismissed without prejudice.

---

that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010) (internal quotation marks omitted); *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (amount plaintiff demands is in controversy unless "no fact finder could legally award it"). Although Day seeks to recover at least $1 million, nothing in his state-law allegations demonstrates that a recovery exceeding $75,000 would be legally plausible.

9

## ORDER

Based on the R&R, the foregoing analysis, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Roy A. Day's objections to the R&R, (Dkt. 14), are **OVERRULED**.

2. The March 22, 2019 R&R, (Dkt. 11), is **ADOPTED**.

3. Plaintiff Roy A. Day's amended complaint, (Dkt. 6), is **DISMISSED** as follows:

    a. Plaintiff Roy A. Day's federal claims, Count One and Count Two of the amended complaint, are **DISMISSED WITH PREJUDICE**.

    b. Plaintiff Roy A. Day's state claims, Count Three and Count Four of the amended complaint, are **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff Roy A. Day's application to proceed in forma pauperis, (Dkt. 2), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: July 26, 2019                         s/Wilhelmina M. Wright
                                             Wilhelmina M. Wright
                                             United States District Judge